UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
|   Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. 6:11-17 |
| v. | § | CRIMINAL ACTION NO. 6:04-82 |
| | § | |
| DANIEL RAY RAMIREZ, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Movant Daniel Ray Ramirez' ("Ramirez") "Motion Filed under Federal Rule of Civil Procedure 60[b][6] for Relief from Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence" and amended motion regarding the same, dated November 6, 2014 (Dkt. Nos. 121, 122).

### I. Factual and Procedural Background

Ramirez previously pleaded guilty to: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute "approximately eleven (11) grams of a mixture or substance containing cocaine base (also known as crack cocaine)" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 262 months imprisonment, five years supervised release, and a $300 special assessment. Judgment was entered on August 15, 2005. Because Ramirez did not appeal, his conviction became final on August 29, 2005.

On March 22, 2011, Ramirez filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, as well as a number of other related motions (Dkt. Nos. 54, 55, 57, 60, 64). While his § 2255 motion was still pending, Ramirez filed a motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the Fair Sentencing Act of 2010, which reduced the sentencing guideline calculations for many defendants convicted of offenses involving crack cocaine (Dkt. No. 63).

On January 17, 2012, Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation to Dismiss Movant's § 2255 Motion and to Deny His Motion to Reduce Sentence (Dkt. No. 71). The Court thereafter issued a Memorandum Opinion & Order Adopting Memoranda & Recommendations (Dkt. No. 90), which denied Ramirez' various motions and denied a Certificate of Appealability. *United States v. Ramirez*, 2012 WL 3049831 (S.D. Tex. Jul. 25, 2012) (unpublished). Ramirez then filed a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 92), which the Court denied (Dkt. No. 97). *United States v. Ramirez*, 2012 WL 5381790 (S.D. Tex. Oct. 31, 2012) (unpublished). On November 16, 2012 and December 31, 2012, Ramirez filed notices of appeal regarding the Court's July 25, 2012 Order denying his § 2255 motion and motion to reduce sentence and the Court's October 31, 2012 Order denying reconsideration, respectively. (Dkt. Nos. 98, 103.) The Court of Appeals for the Fifth Circuit denied Ramirez' appeals and affirmed the decision of the Court. *United States v. Ramirez*, 541 Fed. App'x 485 (5th Cir. 2013). Ramirez next moved for leave to file a second or successive motion under 28 U.S.C. § 2255 (Dkt. Nos. 114 & 115) and requested a Certificate of Appealability (Dkt. No. 116). By written Memorandum Opinion & Order entered June 30, 2014, the Court denied all relief. (Dkt. No. 118.)

Ramirez now moves the Court to once again reconsider its July 25, 2012 Order denying his § 2255 motion.

## II. Legal Standard

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2013).

Pursuant to Rule 60(b), on motion and just terms, the Court may relieve a party from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b).

In some instances, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254). It is only when a Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id.*; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("Where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

## III. Analysis

As set forth *supra*, Ramirez previously moved the Court to reconsider its July 25, 2012 Order denying his § 2255 motion. (Dkt. No. 92.) By written Memorandum Opinion & Order entered October 31, 2012, the Court concluded that the motion constituted a second or successive § 2255 motion and denied relief because Ramirez had neither sought nor received the permission

3

from the United States Court of Appeals for the Fifth Circuit to file a successive motion. (Dkt. No. 97.) *United States v. Ramirez*, 2012 WL 5381790 (S.D. Tex. Oct. 31, 2012) (unpublished).

Ramirez' current motion to reconsider does not indicate that he has received the required authorization from the Fifth Circuit, but instead repeats the same claims of actual innocence that have been repeatedly rejected by this Court and the Fifth Circuit. For this reason, the Court finds that Ramirez' motion to reconsider should be denied.

## IV. Sanctions Warning

Since the dismissal of his habeas petition in 2012, Ramirez has persisted in filing legally frivolous motions and other documents. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mayberry v. Stephens*, 2014 WL 3724965, at *1 (5th Cir. Jul. 29, 2014) (per curiam) (designated unpublished) (warning prisoner of sanctions for further frivolous motions); *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See United States v. Perkins*, 424 Fed. App'x 328, 329 (5th Cir. May 4, 2011) (per curiam) (designated unpublished).[1]

---

1. In *Perkins*, the Fifth Circuit explained:

   This court warned Perkins that further attempts to challenge his conviction that did not meet the criteria for filing a successive § 2255 motion would be sanctioned. *Perkins v. United States*, No. 99–41421,2000 WL 959916 (June 13, 2000). Although Perkins filed this challenge nominally under § 1651(a) and not as a request to file a successive § 2255 motion, in his COA motion, he makes an argument trying to show that he meets the criteria to file a successive § 2255 motion. Also, in its order denying Perkins relief in this case, the district court noted that Perkins had filed at least three successive § 2255 motions

**Ramirez is hereby warned that further efforts to challenge his imprisonment or conviction in this cause that do not comply with the requirements for relief pursuant to 28 U.S.C. § 2255 will be sanctioned.**

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 60 motion requires a certificate of appealability (COA) in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . . that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Ramirez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

---

and multiple other post-conviction motions and warned him that frivolous filings might result in the imposition of sanctions, including monetary sanctions.

IT IS ORDERED that Perkins is SANCTIONED in the amount of $455.

*Id*.

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the above standards, the Court concludes that Ramirez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002).

**VI. Conclusion**

For the reasons set forth above, Ramirez' "Motion Filed under Federal Rule of Civil Procedure 60[b][6] for Relief from Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence" and amended motion regarding the same (Dkt. Nos. 121, 122) are **DENIED**. Ramirez is also **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 24th day of November, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE